**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21253

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Daliz Radcliffe, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>Capio Partners, LLC and CF Medical LLC,<br><br>        Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Daliz Radcliffe, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Capio Partners, LLC and CF Medical LLC as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendants Capio Partners, LLC and CF Medical LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Daliz Radcliffe ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Capio Partners, LLC ("Capio") is a company existing under the laws of the State of Texas, with its principal place of business in Sherman, Texas.

8. Capio has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Capio regularly collects or attempts to collect debts asserted to be owed to others.

10. Capio is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Capio's business is the collection of such debts.

12. Capio uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Capio is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant CF Medical LLC ("CF") is a company existing under the laws of the State of Nevada, with its principal place of business in Carson City, Nevada.

15. CF has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. CF regularly collects or attempts to collect debts asserted to be owed to others.

17. CF is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of CF's business is the collection of such debts.

19. CF uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. CF is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. On April 1, 2019, Plaintiff received medical services from Alteon Health.

23. The services were for treatment of injuries sustained by Plaintiff in a work-related incident.

24. The services were covered by New York's Workers Compensation Insurance system.

25. At the time the services were provided, Alteon Health was advised that Plaintiff was covered by Workers Compensation insurance.

26. Alteon Health billed plaintiff in the amount of $498.00 ("the alleged Debt").

27. New York Workers Compensation Law § 13-F prohibits any billing to the employee in case of work-related incidents.

28. The alleged Debt represents such unlawful billing.

29. CF bought the alleged debt from Alteon Health.

3

30. At an exact time known only to Defendants, CF decided to hire Capio to attempt to collect the alleged Debt on CF's behalf.

31. As part of its utilization of Capio, CF conveyed information regarding the alleged Debt to Capio.

32. The information conveyed by CF to Capio included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

33. CF's conveyance of the information regarding the alleged Debt to Capio is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34. At the time the alleged Debt was assigned or otherwise transferred to Capio for collection, the alleged Debt was in default.

35. In its efforts to collect the alleged Debt, Capio decided to contact Plaintiff by written correspondence.

36. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Capio decided to utilize a third-party vendor to perform such activities on its behalf.

37. As part of its utilization of the third-party vendor, Capio conveyed information regarding the alleged Debts to the third-party vendors by electronic means.

38. The information conveyed by Capio to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged Debt concerned Plaintiff's medical treatment, among other things.

39. Capio's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

40. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendants' direction.

41. That correspondence, dated May 18, 2021, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

42. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

43. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

44. 15 U.S.C. §§ 1692g and 1692e protects Plaintiff's concrete interests and rights.

45. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

46. Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

47. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

48. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

49. As set forth herein, Defendants deprived Plaintiff of these rights.

50. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendants to Plaintiff specifically.

51. Plaintiff's injury is directly traceable to Defendants' conduct because Defendants

5

initiated the communications, and but for Defendants' conduct, Plaintiff would not have been deprived of his rights.

52. Plaintiff has been misled by Defendants' conduct.

53. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

54. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

55. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

56. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

57. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

58. As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

59. As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

60. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

61. A favorable decision herein would redress Plaintiff's injury with money damages.

62. A favorable decision herein would serve to deter Defendants from further similar conduct.

**FIRST COUNT**
**As to CF**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

65. Capio does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

66. Plaintiff never consented to CF's communication with Capio concerning the alleged Debt.

67. Plaintiff never consented to CF's communication with Capio concerning Plaintiff's personal and/or confidential information.

68. Plaintiff never consented to CF's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

69. Upon information and belief, CF has utilized Capio for these purposes thousands of times.

70. CF utilizes Capio in this regard for the sole purpose of maximizing its profits.

71. CF utilizes Capio without regard to the propriety and privacy of the information

which it discloses to Capio.

72. CF utilizes Capio with reckless disregard for the harm to Plaintiff and other consumers that could result from CF's unauthorized disclosure of such private and sensitive information.

73. CF violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Capio.

74. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

75. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

76. CF disclosed Plaintiff's private and sensitive information to Capio.

77. CF violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Capio.

78. For the foregoing reasons, CF violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### As to Capio
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

79. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

80. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

81. The third-party vendor utilized by Capio does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

82. Plaintiff never consented to Capio's communication with the third-party vendor concerning the alleged Debt.

83. Plaintiff never consented to Capio's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

84. Plaintiff never consented to Capio's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

85. Upon information and belief, Capio has utilized the third-party vendor for these purposes thousands of times.

86. Capio utilizes the third-party vendor in this regard for the sole purpose of maximizing its profits.

87. Capio utilizes the third-party vendor without regard to the propriety and privacy of the information which it discloses to the third-party vendor.

88. Capio utilizes the third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Capio's unauthorized disclosure of such private and sensitive information.

89. Capio violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

90. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

91. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

92. Capio disclosed Plaintiff's private and sensitive information to the third-party vendor.

93. Capio violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

94. For the foregoing reasons, Capio violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**THIRD COUNT**
**As to Both Defendants**
**Violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2)**

95. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

96. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

97. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

98. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

99. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

100. As set forth in paragraphs 22 through 28 of this Complaint, Plaintiff did not owe the Claimed Amount.

101. As such, Defendants did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

102. In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

103. As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

104. To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

105. A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

106. As set forth in paragraphs 22 through 28 of this Complaint, Plaintiff did not owe money to CF.

107. As such, Defendants did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

108. In sum, Defendants' statement that CF was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to CF violates 15 U.S.C. § 1692g(a)(2).

109. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and 1692g(a)(2) and are liable to Plaintiff therefor.

### FOURTH COUNT
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

110. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

111. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

112. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

113. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

114. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

115. As set forth in paragraphs 22 through 28 of this Complaint, Plaintiff did not owe the alleged Debt.

116. As such, Defendants' allegation that Plaintiff owed the alleged Debt is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

117. Defendants' allegation that Plaintiff owed the alleged Debt is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

118. Defendants' allegation that Plaintiff owed the alleged Debt is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

119. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

120. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

121. Plaintiff seeks to certify two classes of:

> i. All consumers where CF sent information concerning the consumer's debt to Capio without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

    ii. All consumers where Capio sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

122. This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

123. The Class consists of more than thirty-five persons.

124. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

125. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

126. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

127. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: June 29, 2021

        **BARSHAY, RIZZO & LOPEZ, PLLC**

        By:  s/ *David M. Barshay*
        David M. Barshay, Esquire
        445 Broadhollow Road | Suite CL18
        Melville, New York 11747
        Tel: (631) 210-7272
        Fax: (516) 706-5055
        Our File No.: BRL21253
        *Attorneys for Plaintiff*